In our last case this morning is Jesus Vidal-Martinez v. Department of Homeland Security. May it please the court, FOIA is intended to reveal what the government is up to and in this case the government was up to escaping the limits of its own power. That makes this an unusual FOIA case because it involves both the extent of Exemption 5 as well as whether the government is allowed to escape habeas jurisdiction by moving people around the country. The decision on review makes three reversible errors. First, it is clearly erroneous because the decision concludes there is no evidence defendant misled the habeas court while pointing directly at evidence that defendant misled the habeas court. Second, the decision misapplied the test for probable cause because that test requires analyzing the totality of the circumstances and here the district court only analyzed the withheld records and did not analyze any of the 18 exhibits we submitted. In reality, those 18 exhibits provide an ample basis for holding that under the crime fraud exception, Exemption 5 does not shield the records from disclosure. Third, the district court erred when it excluded the publicly available evidence without conducting a Rule 403 test at all. If it had done so, it would have grounded its decision in the publicly available evidence as much as possible, similarly to what this court did in Stein v. DOJ and FBI. Accordingly, we ask the court to vacate the decision and either order the withheld records disclosed or remand for trial. I welcome the court's questions. Turning to my first point, I'd like to begin by directing your attention to three statements that are in the record. The first statement is on star page 8 of the decision. The final paragraph and the second to last sentence says that based on the statements in the email, ICE attorneys genuinely believed the transfer would lead to the habeas case being dismissed. The second statement I would like to point out to you is on page 302 of our 30B appendix. This is defendant's motion to reconsider that was submitted to the habeas court and there the defendant said, quote, while transfers of custody could be utilized to try to avoid jurisdiction, thus calling for a remedy, the facts of this case demonstrate that no attempt to avoid this court's jurisdiction occurred here, end quote. In other words, defendant's own position was that custody transfers could be abused and if abused, a remedy should be available, but that plaintiffs should not get a remedy because they had not abused a custody transfer. Actually, I thought your client requested this transfer. We did not request a transfer. We requested release and so what we got was the exact opposite of what we asked for. We asked for release. We got more detention. In the habeas petition, you did not ask to be transferred to Decatur County? No, we asked for release. To permit him to participate in the proceedings in Indiana, the drunk driving cases in Indiana? That was the goal, but it was release in order to do so. We did not ask for a transfer and in fact, under this court's precedent, we couldn't ask for a transfer. That would be Klaus V. Anderson. So yes, defendant's own position was that custody transfers can be abused. If abused, a remedy should be available, but that plaintiffs shouldn't get a remedy because they hadn't abused a custody transfer. The third statement I would like to point you at is back in that paragraph in the decision, the sentence immediately preceding the one I already mentioned, where the district court says there is no evidence that ICE deliberately misled the court when it argued that the habeas court case should be dismissed. Now, these three statements cannot all be true. If ICE attorneys genuinely believed the transfer would cause the habeas case to be dismissed, that means they tried to avoid habeas jurisdiction. So their later statement that they did not try to avoid habeas jurisdiction was a misrepresentation. I'm really struggling to make sense of this argument because your habeas case requested a remedy to permit your client to participate in the drunk driving cases in Indiana. ICE officials transferred him so that he could do precisely that, and they erroneously, apparently, thought that that would have a consequence for the habeas case, that it would result in its dismissal, which it did not, or at least this is your argument. So they conspired with state officials in Indiana to interfere with your client's rights to habeas jurisdiction to achieve exactly what he was looking for, which was the ability to participate in his criminal proceedings in Indiana. Is that basically it? That is basically it. I think that the thing that maybe is getting lost here is that this is not an unusual situation. We've had our clients taken out from under us multiple times, and it has impacted our ability to obtain habeas relief and to appear in criminal court. So you've had FOIA clients, or you've had immigration clients? We've had immigration clients. Okay, so you're an immigration outfit, apparently. Yes. Okay. The FOIA thing is just particular to this case. We just stumbled into it. Got it. But now you're alleging that there was this criminal conspiracy to deprive your client of his civil rights by giving your client what he wanted, which is the ability to participate in his criminal cases in Indiana, albeit you wanted it in a non-custodial setting, and the officials achieved it in a custodial setting, which guaranteed that he would come back to immigration custody after those cases were resolved. Well, we also, we didn't get to litigate all three of our cases. We were only able to litigate one of them, and moreover, I think that the key thing here is that the defendant told the habeas court that they didn't know if they were going to get our client back when, in fact, there was a safekeeping agreement they knew from the outset that they were going to get him back. This, the motion to dismiss for lack of jurisdiction was, never had any real basis. They knew that they were going to get him back, and thus the court could then continue. So yeah, the misrepresentation was a material misrepresentation. The misrepresentation, is this in the motion to reconsider? Yes. Yes, this is in the motion to reconsider where a defendant said that the facts of this case demonstrate that no attempt to avoid this court's jurisdiction occurred here. According to the district court, that is what occurred here. And just to focus the issue more sharply, you're raising this crime fraud exception or crime fraud issue as a means of piercing the privilege that was asserted under FOIA to redact some of the many hundreds of documents that were produced pursuant to your FOIA request to cover attorney-client privilege, work product privilege, deliberative privilege issues under the applicable exception of FOIA. Correct, because under this court's precedent, the test is probable cause, which is not a It's based off of what reasonable people think. Reasonable people would look at this and they would say that there is something wrong going on here. Well, it's something of a criminal nature going on here, or fraudulent nature. Correct. Yes. I see that my time is running low, so I will simply wrap up by saying that the decision is also reversible because the publicly available evidence was excluded without balancing the probative value and prejudicial effect of it. Thank you. Thank you. All right. Is it Hale? Hale. Hale. May it please the court, counsel? Just to clarify, you're a FOIA lawyer, not an immigration lawyer? I'm an assistant U.S. attorney. We do a lot of different kinds of cases. I don't do immigration work, really, and occasionally do a FOIA case. I'm trying to situate this whole argument within the proper context here, which is a FOIA exception. Right. That's the strange thing about this case. The Habeas case is over. They actually won their Habeas case. I erroneously believed that it should be dismissed because the custody had been transferred to Indiana, so they brought that to the attention of the Habeas judge who explained to them, no, that doesn't result in the dismissal. Later, it's the plaintiff who moved to transfer the case down to the Southern District of Illinois, so they left that Habeas judge voluntarily, went to a different judge in the Southern District who felt he had been incarcerated too long. He'd been incarcerated for 10 months, and that judge in the Southern District then granted the Habeas petition because she found that he'd been incarcerated for a long time and that it could go on longer, and so she granted the Habeas petition. This was much later, after the events we're talking about here. They prevailed in the Habeas case. In the FOIA case, which they filed, they got all the documents that ICE had. They got all the communications with the Decatur County. That's the Indiana County Authority, so ICE gave them all those. The only thing ICE kept was the conversations that were internal, like between the ICE lawyers and the deportation officers and between the assistant U.S. attorney who had coordinated with them on the Habeas petition, and so those communications were redacted, and so that's all that's at issue now, so there's not much left. So just the privilege claim of ICE and the crime-fraud exception. Right, well, the issue seems to be sort of a carryover from the Habeas case in that they want—it doesn't really seem to be so much about the documents anymore as it is about just getting—you know, they have a grudge against how this worked out for them. And so from our point of view, the district court properly granted summary judgment to ICE on the FOIA case, and this court should affirm. The argument on appeal is the crime-fraud argument. That argument is simply a non-starter because, as Judge Kennelly found, there's no evidence of a crime taking place here. It wasn't obstruction of justice for ICE to transfer Vidal Martinez to Indiana pursuant to a lawful writ by the state court there so he could participate in this criminal case. That's what, as ICE understood it, he was asking for in his Habeas petition. So he says in his Habeas petition, it's unconstitutional for me to be prevented from And his brief now continues to fault ICE for blocking his access to the Indiana courts and at the same time fault ICE for permitting his access to the Indiana courts. But in any event, there's nothing—that's not a crime by ICE and Judge Kennelly properly found. And it also wasn't obstruction for the U.S. attorney to ask the district court, the Habeas court, to dismiss the Habeas petition based on the transfer. There were various other things in that motion, but that argument was based on the transfer. And, you know, they got it wrong, the district court found, but they didn't mislead the judge at all. They were candid with the judge. Well, Mr. Gale, that's where the question is. When we're looking at the motion to reconsider, I don't see the district court tease this out. And the concern was the representation by the government in their motion to reconsider, docket 38-9 at page 1. And it was really in response to a footnote that the district court had made and the fraud or the mislead that the plaintiff keeps raising is that the suggestion of the defendants misrepresented to the Habeas court by stating that the transfer of custody was not done in any way to affect Habeas jurisdiction. That's the statement that the plaintiffs contend is the fraud. Can you address that and why that would not be? Sure. I'm not sure I understand the positive inconsistency between saying, look, our reason for doing the transfer was in response to Vidal-Martinez's argument in his Habeas petition that he was being stepped on. He had his constitutional rights violated by being prevented from defending himself in the Indiana cases. That's why we transferred him. And I don't see that as being inconsistent with a belief that the consequence of that was going to be that he was going to now need to do something different in the Habeas court, like bring in a new defendant, bring in the state of Indiana as a defendant. I don't know exactly how it would work out, but I don't see the inconsistency between the purpose, which is that, and the effect, which, I mean, they could release him altogether and that would end the Habeas case, but that's not an intent to deprive the court of jurisdiction. And what they told the Habeas court, and that's at page 20 of my brief, is that he had been sent to Indiana on a state court writ which said that he was to be returned, that there was an ICE detainer and that he was supposed to be returned to ICE at the end of the criminal proceedings. And they said that's what's going on here, so they were totally candid about that, but they said, you know, we can't guarantee that's going to happen. This is the state, and we're not the state, and sometimes they don't do, as you know, sometimes they don't do what we think they're supposed to do. And so that was the basis for the motion that the U.S. attorney made to the Habeas court. And, you know, the Habeas court explained, no, you still have primary jurisdiction and denied it. And, you know, he went on with the Habeas court without any change in the defendants. So the plaintiff's other arguments are just as unfounded as that. So, first of all, Judge Canelli didn't exclude any evidence. You know, what he said, by that they're talking about the Vaughn index, and he did not exclude the Vaughn index. What he said was that I don't need to rely on the Vaughn index because you've asked me to look at these documents in camera. I'm going to do that. And he took all the documents in camera. He reviewed all the documents. He said, you're challenged to the Vaughn index. I don't really need to resolve that because I've looked at the documents. It was Vidal Martinez is the one that asked Judge Canelli to look at the documents in camera. Also, he didn't ignore any of the plaintiff's evidence. His decision makes the evidence that the stack of papers that Vidal Martinez presented were all the documents from the Habeas case. When you look at Judge Canelli's decision, it was clear he read all those documents. He summarized what happened in the Habeas case, all the pertinent parts there, and found nothing to support the crime fraud argument. The plaintiff argues at page 68 of his brief that any lawyer who passed the bar exam and went to law school would have to know there was a crime committed here. Well, Judge Canelli went to law school and passed the bar exam, and he's not a judge who gives a pass to government misconduct. If there are any further questions, we'd ask the district court be affirmed. Thank you. Mr. Casingham. I would like to make three points on rebuttal. First, we prevailed in the Habeas case because the Southern District found that ICE had deliberately engineered to keep our client in further detention. So I don't see how the fact that they committed misconduct that then resulted in us winning should then be counted against us. Two, with respect to Judge Canelli ignoring evidence, I would point the court back to that same paragraph on star page 8. This paragraph only discusses the unredacted emails. This court's precedent establishes in Madison v. Baxter Health Care Court that the correct standard is probable cause, which is a totality of the circumstances approach. You can't get that from just examining one factor. Yeah, and so those are my two points. Thank you. Thank you. Thanks to both counsel. The case is taken under advisement, and that concludes our calendar for today. The court is in recess.